Kevin M. Hayes (Oregon Bar No. 01280)
kevin.hayes@klarquist.com
KLARQUIST SPARKMAN, LLP
121 SW Salmon St., Suite 1600
Portland, OR 97204
Tel.: 503-595-5300

James L. Bikoff (*pro hac vice* forthcoming)
jbikoff@sgrlaw.com
Holly B. Lance (*pro hac vice* forthcoming)
hlance@sgrlaw.com
SMITH, GAMBRELL & RUSSELL LLP
1055 Thomas Jefferson St. NW, Suite 400
Washington, DC 20007
Tel.: 202-263-4300

*Counsel for Plaintiff*
NATIONAL GRANGE OF THE
ORDER OF PATRONS OF HUSBANDRY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| THE NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY,<br><br>                    Plaintiff,<br>     v.<br><br>THE HEMP GRANGE and THOMAS DUBIEL,<br><br>                    Defendants. | Civil Case No. 1:20-cv-00600<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FEDERAL UNFAIR COMPETITION, FEDERAL TRADEMARK DILUTION, COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION, AND STATE TRADEMARK DILUTION** |

## I.      INTRODUCTION

(1)     Plaintiff the National Grange of the Order of Patrons of Husbandry (the

"Grange") bring this action against Defendants The Hemp Grange and Thomas Dubiel

("Dubiel") for federal trademark infringement pursuant to Section 32 of Federal Trademark Act

of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1114, false designation of origin and

unfair competition pursuant to Lanham Act Section 43(a), 15 U.S.C. § 1125(a), trademark

dilution pursuant to Lanham Act Section 43(c), 15 U.S.C. § 1125(c), and common law trademark infringement and unfair competition.

(2)     This case arises from a conflict between the Grange on one hand and The Hemp Grange and Dubiel on the other hand over the latters' unauthorized use of the name and mark "GRANGE" in spite of the Grange's use of the name and mark for over 150 years and ownership of multiple famous and federally registered GRANGE trademarks.

## II.     PARTIES

(3)     The Grange is a national fraternal organization and a District of Columbia non-profit corporation located at 1616 H Street N.W., Washington, D.C. 20006.

(4)     Upon information and belief, Defendant The Hemp Grange is an unincorporated entity located at 2251 NE Spalding Ave., Grants Pass, OR 97526.

(5)     Upon information and belief, Defendant Thomas Dubiel is the founder and owner of The Hemp Grange and is a California resident, but maintains an address at 151 Hammel Rd., Eagle Point, OR 97524.  Upon information and belief, Mr. Dubiel directs the actions of the company, including the adoption of the company's name, "The Hemp Grange."

## III.     JURISDICTION AND VENUE

(6)     The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and Section 39 of the Federal Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1121, as the claims asserted herein present federal questions relating to trademarks and unfair competition under the Lanham Act.

(7)     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because it is where Defendants The Hemp Grange and Dubiel are conducting business and where a substantial part of the acts or omissions giving rise to the Grange's claims occurred.

IV.    THE GRANGE'S ACTIVITIES AND INTELLECTUAL PROPERTY

(8)    The Grange was founded in 1867 to promote the interests of farmers and farming in the United States.  Through a network of over 2,000 local chapters across the country, the Grange provides a variety of goods and services relating to agriculture for both farming communities and the general public.

(9)    These services include advising members regarding legal regulations on hemp and hemp-based products.  *See, e.g.*, https://www.nationalgrange.org/policy-updates-and-issue-news-may-2019/ and https://www.nationalgrange.org/policy-updates-and-issue-news-august-2019/.

(10)    Further, the Grange maintains an active licensing program, which allows local businesses providing a variety of agricultural-related goods and services, including farms, community garden centers and farm-to-table restaurants, to use the GRANGE name and mark under the supervision of the Grange, and to benefit from the Grange's established national reputation while providing high-quality products and services to their communities.

(11)    The Grange owns numerous federally registered trademarks, which it uses directly and through its authorized licensees, to provide a variety of goods and services to advance the quality of family life in farm, rural and suburban communities.

(12)    The Grange's federal trademark registrations comprising or including the mark

GRANGE (collectively, the "GRANGE Marks") include:

| Mark | Reg. No. | Goods/Services | First Use |
|---|---|---|---|
| GRANGE | 1,872,429 | Credit cards, posters, and publications; namely, newsletters, brochures, and pamphlets about family life in farm, rural and suburban communities, national legislative affairs, in Class 16<br><br>Association and charitable services; namely, advancing the quality of family life in farm, rural and suburban communities, in Class 42 | 1867 |
| GRANGE | 3,974,240 | Cookbooks, in Class 16<br><br>Farmers' markets, in Class 35<br><br>Catering services; providing community centers for social gatherings and meetings, at which meals are served; providing social meeting, banquet and social function facilities; provision of fair and exhibition facilities, in Class 43 | 1921<br><br>1880<br><br>1885 |
| GRANGE | 3,792,978 | Restaurant services, in Class 43 | 12/6/2008 |
| GRANGE | 4,135,668 | Jewelry; Ornamental pins, in Class 14 | 1898 |
| GRANGE | 4,266,408 | Dress shirts, Hats, Jackets, Short-sleeved or long-sleeved t-shirts, Sweat shirts and Ties, all sold or distributed in connection with a national fraternal organization, and specifically excluding footwear, in Class 25 | 1874 |

| Mark | Reg. No. | Goods/Services | First Use |
|---|---|---|---|
| <br>P OF H GRANGE Logo | 4,021,798 | Cookbooks, in Class 16<br><br>Farmers' markets, in Class 35<br><br>Catering services; providing community centers for social gatherings and meetings, at which meals are served; providing social meeting, banquet and social function facilities; provision of fair and exhibition facilities, in Class 43 | 1972<br><br>1968<br><br>1922 |
| NATIONAL GRANGE | 1,817,894 | Credit cards, posters, and publications; namely, newsletters, brochures, and pamphlets about family life in farm, rural and suburban communities, national legislative affairs, and education, medical treatment and recreational opportunities for deaf individuals, in Class 16<br><br>Providing educational assistance and recreational opportunities to deaf individuals, in Class 41<br><br>Association and charitable services; namely, advancing the quality of family life in farm, rural and suburban communities, and providing medical assistance to deaf individuals, in Class 42 | 1867 |
| THE GRANGE FOUNDATION | 1,782,923 | Philanthropic services; namely, endowing scholarships and funding scientific, educational and charitable activities, in Class 36 | 11/21/1960 |

| Mark | Reg. No. | Goods/Services | First Use |
|---|---|---|---|
| <br>P OF H GRANGE<br>Logo | 1,824,368 | Posters, and publications; namely, newsletters, brochures, and pamphlets about family life in farm, rural and suburban communities, national legislative affairs, and education, medical treatment, and recreational opportunities for deaf individuals, in Class 16<br><br>Providing educational assistance and recreational opportunities to deaf individuals, in Class 41<br><br>Association and charitable services; namely, advancing the quality of family life in farm, rural and suburban communities, and providing medical assistance to deaf individuals, in Class 42. | 1955 |
| <br>P OF H GRANGE<br>Logo | 4,062,361 | Jewelry; Ornamental pins, in Class 14<br><br>Dress shirts, Hats, Jackets, Short-sleeved or long-sleeved t-shirts, Sweat shirts and Ties, all sold or distributed in connection with a national fraternal organization, and specifically excluding footwear, in Class 25 | 1900<br><br>1908 |
| NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY | 1,816,827 | Posters, and publications; namely, newsletters, brochures, and pamphlets about family life in farm, rural and suburban communities, national legislative affairs, and education, medical treatment and recreational opportunities for deaf individuals, in Class 16<br><br>Providing educational assistance and recreational opportunities to deaf individuals, in Class 41<br><br>Association and charitable services; namely, advancing the quality of family life in farm, rural and suburban communities, and providing medical assistance to deaf individuals, in Class 42 | 1987 |

| Mark | Reg. No. | Goods/Services | First Use |
|---|---|---|---|
| THE CALIFORNIA GRANGER | 5,117,155 | Providing online publications in the nature of blogs, newsletters, and articles featuring information about family life in farm, rural and suburban communities; providing a website featuring current events information about family life in farm, rural and suburban communities, in Class 41 | 1/30/2015 |
| | | Providing a website featuring lifestyle information about family life in farm, rural and suburban communities, in Class 45 | 7/14/2014 |

Copies of the registration certificates for the GRANGE Marks are attached hereto as Exhibits 1–12.

(13)    The Grange's registrations are valid, subsisting and in full force and effect. Pursuant to Lanham Act § 7(b), 15 U.S.C. § 1057(b), the Grange's federal registrations constitute *prima facie* evidence of the validity of the GRANGE Marks, as well as the Grange's ownership and exclusive right to use the GRANGE Marks in commerce in connection with the covered goods and services.

(14)    Additionally, the Grange's U.S. Registration Nos. 1,782,923; 1,816,827; 1,817,894; 1,824,368; 1,872,429; 3,792,978; 3,974,240; 4,021,798; 4,062,361 and 4,135,668 are incontestable pursuant to Lanham Act § 15, 15 U.S.C. § 1065, and as such, these registrations are conclusive evidence of the validity of the registered marks, and the Grange's ownership and exclusive right to use these GRANGE Marks in commerce in connection with the covered goods and services.

(15)    Through the Grange's long and continuous use of the GRANGE Marks for over 150 years, the GRANGE Marks have become famous and well-known to members of the public, who identify the Grange as the source of goods and services offered under the GRANGE Marks.

(16)    In addition, the Grange has built up a high degree of distinctiveness and valuable goodwill in its name and the GRANGE Marks through its extensive investment of time, effort, and money. The GRANGE Marks contain substantial goodwill and are of great importance and value to the Grange.

(17)    In the United States, the Grange refers to Plaintiff and its local Grange chapters. This association of Plaintiff and its GRANGE Marks is so well known that it appears in popular dictionaries. *E.g.*, *The Grange (in the US)*, *New Oxford American Dictionary* (3d. ed.) ("farmer's association organized in 1867."); *Oxford English Dictionary* (2d. ed.); *Webster's Third New International Dictionary of the English Language, Unabridged* (1993); *Grange, Chiefly Northeastern U.S.*, *American Heritage Dictionary of the English Language* (4th ed. 2000) ("a. An association of farmers founded in the United States in 1867. b. One of the branch lodges of this association.").

(18)    The Grange has long had a significant presence in Oregon, with more than 180 local Grange chapters in the State. (*See* http://www.orgrange.org/).

(19)    In fact, both Josephine Pomona Grange # 20 and Redwood Grange #760 are located in Grants Pass, Oregon, the same city where Defendants are conducting business.

(20)    Moreover, the Grange has long had a significant presence in the Northwestern United States generally, with several hundred local Granges in Washington State and Northern California in addition to those in Oregon.

(21)    The GRANGE Marks are famous for purposes of Federal and Oregon trademark law, and all goodwill in the GRANGE Marks inures to the benefit of the Grange.

## V.     UNAUTHORIZED USE OF THE GRANGE MARKS

(22)    Upon information and belief, Defendants The Hemp Grange and Dubiel began operating a hemp manufacturing and retail operation in or around December 2019.

(23)    Defendants use The Hemp Grange at least at www.thehempgrange.com, as shown in Exhibit 13.

(24)    The Hemp Grange came to the Grange's attention in January 2020 upon the registration of the infringing domain name THEHEMPGRANGE.COM, which was registered using a privacy protection service.  On January 21, 2020, the Grange, through its counsel, sent correspondence to The Hemp Grange using the physical address and email address provided on the THEHEMPGRANGE.COM website.  The correspondence explained the Grange's prior rights in the GRANGE Marks, expressed concerns regarding the likelihood of consumer confusion arising from the continued use of the name "The Hemp Grange," and requested that The Hemp Grange adopt a new, non-infringing name.

(25)    Upon information and belief, the physical address and email address provided on the THEHEMPGRANGE.COM website were incorrect, and were purposefully provided to conceal the true contact information for Defendants.  To this end, the Grange's counsel received responses from counsel for the entity affiliated with the physical address displayed on Defendants' website and the owner of the email address displayed on the Defendants' website, both of whom expressly disclaimed any relationship to "The Hemp Grange."

(26)    In February 2020, the THEHEMPGRANGE.COM website was updated to display a new physical address and email for The Hemp Grange.  On February 14, 2020, counsel for the Grange sent out a second demand letter to the Grange by Federal Express and email.

COMPLAINT                                                                                                  9

(27)    As Defendants failed to respond to the Grange's correspondence, counsel for the Grange attempted to contact Defendants by phone on February 24, 2020.

(28)    The phone was answered as "The Hemp Grange," and counsel was informed that Defendant Dubiel would return the call the following day.

(29)    As Defendant Dubiel failed to return the Grange's counsel's call, a second phone call was placed on March 4, 2020.  During this call, the Grange's counsel briefly spoke with Mr. Dubiel and an individual identified as John Riccio, who claimed that the use of "The Hemp Grange" did not violate the Grange's prior rights in the GRANGE Marks, and invited the Grange to bring a lawsuit to enjoin the use of the name.

(30)    Upon information and belief, as of today, Defendants The Hemp Grange and Dubiel continue to operate a hemp products manufacturing and retail business under the name "The Hemp Grange."

## VI.    COUNT ONE - FEDERAL TRADEMARK INFRINGEMENT
### (Lanham Act § 32(a)(1), 15 U.S.C. § 1114(1)(a))

(31)    The Grange incorporates by reference all of the preceding allegations.

(32)    The GRANGE Marks are inherently distinctive or, in the alternative, have acquired secondary meaning through their longstanding use in commerce for over 150 years.

(33)    The Grange has long used the GRANGE Marks prior to Defendants' use of "The Hemp Grange."

(34)    In view of its ownership and prior use of the GRANGE Marks, the Grange has the exclusive right to use the mark GRANGE in connection with a variety of goods and services, including, not limited to, goods and services related to agricultural products.

(35)    The Grange has not provided Defendants permission to use its GRANGE Marks as part of the name and mark "The Hemp Grange."

(36)    Despite being put on notice of the Grange's exclusive rights in the GRANGE Marks, Defendants continue to use the name and mark "The Hemp Grange" in violation of the Grange's exclusive rights in the GRANGE Marks.

(37)    The name and mark "The Hemp Grange" incorporates the mark GRANGE in its entirety, and is highly similar to the other GRANGE Marks. The term "hemp" is descriptive of Defendants' goods and services, and therefore the addition of "the hemp" to the mark GRANGE does not distinguish "The Hemp Grange" from the GRANGE Marks.

(38)    Defendants provide goods and services related to those offered by the Grange and its authorized licensees, and upon information and belief, Defendants market the goods and services to an identical or overlapping group of consumers.

(39)    Upon information and belief, the goods and services being provided under the name and mark "The Hemp Grange" are advertised through identical and overlapping trade channels as those goods and services offered under the GRANGE Marks.

(40)    The likelihood of consumer confusion is exacerbated by the fact that the Grange is very active in Oregon, with over 180 chapters in the state.

(41)    Accordingly, Defendants' continued use of "The Hemp Grange" is likely to cause consumer confusion, mistake or deception.

(42)    Defendants' continued use of "The Hemp Grange" is also causing harm and damage to the Grange, as it falsely suggests a relationship between the Defendants' goods and services and those offered by the Grange. Moreover, it weakens the Grange's ability to identify and distinguish its own goods and services.

(43)    The Grange has no control over Defendants' use of the infringing name and mark "The Hemp Grange" or the quality of the goods and services provided thereunder.  Such uncontrolled use places the GRANGE Marks, reputation, and goodwill at risk of serious injury.

(44)    Defendants are also unfairly benefitting from the Grange's reputation and goodwill that the Grange has built up and established in its GRANGE Marks.

(45)    Defendants' activities, as described above, constitute infringement of the Grange's rights in its federally registered GRANGE Marks pursuant to Lanham Act § 32(1)(a), 15 U.S.C. § 1114(1)(a).

(46)    Defendants' continued use of the name and mark "The Hemp Grange" after being put on notice of the Grange's rights demonstrates an intentional and willful intent to trade on the goodwill associated with the GRANGE Marks, which harms the Grange.

(47)    Defendants are therefore likely to cause substantial injury to the public and to the Grange, and the Grange is therefore entitled to injunctive relief, Defendants' profits from the operation of "The Hemp Grange," actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under Lanham Act § 35, 15 U.S.C § 1117.

## VII.    COUNT TWO -
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### (Lanham Act § 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A))

(48)    The Grange incorporates by reference all of the preceding allegations.

(49)    In addition to its ownership of the federal GRANGE Marks, the Grange tracks and reports on hemp-related laws and regulations for its members and the public, as do some of the state and local Granges.

(50)    Defendants' use of the name and mark "The Hemp Grange" with goods and services related to those offered by the Grange is therefore likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the "The Hemp Grange" with the

Grange, or as to the origin, sponsorship, or approval of Defendants' goods and services by the Grange.

(51)    Defendants' activities, as described above, constitute a false designation of origin pursuant to Lanham Act § 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A).

(52)    Defendants' continued use of the name and mark "The Hemp Grange" after being put on notice of the Grange's rights demonstrates an intentional and willful intent to trade on the goodwill associated with the GRANGE Marks, which harms the Grange.

(53)    Defendants' continued use of the name and mark "The Hemp Grange" is therefore likely to cause substantial injury to the public and to the Grange, and the Grange is therefore entitled to injunctive relief, Defendants' profits from the operation of "The Hemp Grange," actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under Lanham Act § 35, 15 U.S.C § 1117.

## VIII.   COUNT THREE - FEDERAL TRADEMARK DILUTION
### (Lanham Act § 43(c)(1), 15 U.S.C. § 1125(c)(1))

(54)    The Grange incorporates by reference all of the preceding allegations.

(55)    For over 150 years, the Grange has exclusively and continuously promoted and used the mark GRANGE.  The mark GRANGE became a famous and well-known symbol of the Grange and its goods and services, offered directly or through licensed entities, well before Defendants began using the name and mark "The Hemp Grange" and offering similar goods and services.

(56)    Defendants are using the name and mark "The Hemp Grange" in commerce, which dilutes and is likely to dilute the distinctiveness of the mark GRANGE by eroding the public's exclusive identification of this famous mark with the Grange and lessening the capacity of the mark GRANGE to identify and distinguish the Grange's goods and services.

(57)    Defendants' continued use of the name and mark "The Hemp Grange" after being put on notice of the Grange's rights demonstrates an intentional and willful intent to trade on the recognition of the famous GRANGE Marks, which harms the Grange.

(58)    Defendants' activities, as described above, constitute dilution pursuant to Lanham Act § 43(c)(1), 15 U.S.C. § 1125(c)(1).

(59)    Defendants are therefore likely to cause substantial injury to the public and to the Grange, and the Grange is therefore entitled to injunctive relief, Defendants' profits from the operation of "The Hemp Grange," actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under Lanham Act § 35, 15 U.S.C § 1117.

## IX.    COUNT FOUR - TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION (COMMON LAW)

(60)    The Grange incorporates by reference all of the preceding allegations.

(61)    Defendants have misappropriated the intellectual property of the Grange by using the name and mark "The Hemp Grange" in commerce.

(62)    Defendants' actions, as described above, are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the "The Hemp Grange" business with the Grange, or as to the origin, sponsorship, or approval of Defendants' goods and services by the Grange.

(63)    As a result of Defendants' trademark infringement and unfair competition under Oregon law, the Grange has suffered, and will continue to suffer, substantial injuries, loss of goodwill, and damages.

## X.    COUNT FIVE - STATE TRADEMARK DILUTION UNDER OREGON REVISED STATUTE § 647.107

(64)    The Grange incorporates by reference all of the preceding allegations.

(65)    Plaintiff's GRANGE Marks are distinctive.

(66)    Defendants' use of "The Hemp Grange" began long after Plaintiff's GRANGE Marks became famous in Oregon.

(67)    The dominant component of Defendants' "The Hemp Grange" name is GRANGE.

(68)    Defendants' use of "The Hemp Grange" has caused, is causing, and is likely to continue to cause dilution of the distinctive quality of the famous GRANGE Marks, in that such use lessens the capacity of the famous GRANGE Marks to identify and distinguish Plaintiff's goods and services.

(69)    Defendants' use of "The Hemp Grange" has caused, is causing, and is likely to continue to cause dilution of the distinctive quality of the famous GRANGE Marks, in that such use harms the reputation of Plaintiff's famous GRANGE Marks.

(70)    The aforesaid dilution of the distinctive quality of the famous GRANGE Marks reduces the value to Plaintiff of those marks, to Plaintiff's detriment.

(71)    The aforesaid dilution of the reputation of the famous GRANGE Marks reduces the value to Plaintiff of those marks, to Plaintiff's detriment.

(72)    There is a substantial likelihood that members of the public will incorrectly associate the activities of Defendants with those of the Grange.  Because there is no affiliation between Plaintiff and Defendants, Plaintiff has no control over the nature or quality of Defendants' goods or services, which include agricultural products. Any use of "The Grange" in connection with these goods or services will be attributed to Plaintiff, and any defects or deficiencies in those goods or services will be attributed to Plaintiff, harming the reputation associated with the GRANGE Marks and diluting the good will the Grange has built up over the

last century.  Plaintiff's GRANGE Marks will suffer negative association through Defendants' use.

(73)    Defendants' actions described above constitute trademark dilution under the laws of the State of Oregon.

(74)    As a direct and proximate result of Defendants' willful and deliberate conduct, Plaintiff has suffered, and will continue to suffer, substantial injuries, loss and damage to its goodwill.

(75)    Plaintiff has been irreparably harmed, and if Defendants are permitted to continue their willful and deliberate acts of infringement, Plaintiff will continue to be irreparably harmed. Plaintiff is entitled to declaratory relief, immediate and permanent injunctive relief prohibiting Defendants from using "The Hemp Grange" or any confusingly similar terms or marks in connection with their goods and services, and monetary relief.

## PRAYER FOR RELIEF

WHEREFORE, the Grange respectfully prays that the Court:

A.    Enter judgment in favor of the Grange against Defendants on all claims set forth in this Complaint.

B.    Permanently enjoin Defendants, as well as the agents, successors, assigns, and all persons in active concert or participation with Defendants, from:

    i.    using the GRANGE Marks or any other mark, corporate name, trade name or domain name that consists of or contains the mark GRANGE, or any other trademarks confusingly similar to the GRANGE Marks in the United States;

    ii.    using any false designation of origin that is likely to lead members of the public to believe any good or service offered or rendered by Defendants is in any manner

associated or connected with the Grange and/or its authorized licensees, or is

licensed, sponsored or approved by the Grange; and

   iii.   engaging in any other activity that constitutes unfair competition with the Grange,

or acts and practices that deceive the public.

C.    Direct Defendants to destroy all business cards, brochures, advertisements,

products, and other physical or electronic materials in Defendants' possession or control bearing

the GRANGE Marks, or any simulation, reproduction, counterfeit, copy or colorable imitation

thereof, including, but not limited to, "The Hemp Grange."

D.    Direct Defendants to cancel the registration for the Internet domain name

THEHEMPGRANGE.COM and any other domain name that includes GRANGE or any

confusingly similar variant.

E.    Require Defendants to file with the Court and serve upon the Grange's counsel

within thirty (30) days after entry of judgment, a written report under oath, describing in detail

the manner and form in which it has complied with the Court's judgment.

F.    Award the Grange monetary damages against Defendants, to include:

   i.   Any and all revenues Defendants collected since it began its unauthorized use of

the name and mark "The Hemp Grange"; and

   ii.   An award of the Grange's attorneys' fees, costs and disbursements incurred in this

action pursuant to Lanham Act § 35(a), 15 U.S.C. § 1117(a) and Oregon law.

G.    Require Defendants to file with the Court and serve upon the Grange's counsel

within thirty (30) days after entry of judgment an accounting of all sales and profits realized by

the "The Hemp Grange" business.

COMPLAINT                              17

H.      Award the Grange interest, including pre-judgment and post-judgment interest, on the foregoing sums.

I.      Award such additional relief as the Court deems just and proper.

Respectfully submitted,

DATED: April 13, 2020

By:     *s/Kevin M. Hayes*
        Kevin M. Hayes (Oregon Bar No. 01280)
        kevin.hayes@klarquist.com
        KLARQUIST SPARKMAN, LLP
        121 SW Salmon St., Suite 1600
        Portland, OR 97204
        Tel.: 503-595-5300

        James L. Bikoff (*pro hac vice* forthcoming)
        jbikoff@sgrlaw.com
        Holly B. Lance (*pro hac vice* forthcoming)
        hlance@sgrlaw.com
        SMITH, GAMBRELL & RUSSELL LLP
        1055 Thomas Jefferson St. NW, Suite 400
        Washington, DC 20007
        Tel.: 202-263-4300

        *Counsel for Plaintiff*
        NATIONAL GRANGE OF THE
        ORDER OF PATRONS OF HUSBANDRY